THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, appellant,

68  219
r64  349

v.

RUTH C. CHESLEY, administratrix of William P. Chesley, deceased, respondent.

[Filed July 22d, 1901.]

1. When an administrator has neglected to make a final settlement of his account within one year after administration granted, a creditor of the estate barred by a decree of the orphans court, who has presented a petition to the orphans court praying relief under the provisions of section 80 of the act entitled "An act respecting the orphans court and relating to the powers and duties of the ordinary and the orphans courts and surrogates" [Revision of 1898] (*P. L. of 1898 p. 715*), may except to any matter in a final account, which, if the exceptions are sustained, will enhance the assets in the hands of the administrator from which it may obtain the relief prayed for.

2. If exceptions so presented are directed to payments which the administrator might lawfully make, they cannot be sustained in the absence of proof that the creditor had presented its claim under oath to the administrator, or proof that the administrator had knowledge of the claim and the intent of the creditor to insist on its payment out of the estate in the administrator's hands.

On appeal from Hudson county orphans court.

*Messrs. Lewis, Besson & Stevens,* for the appellant.

*Mr. Charles L. Corbin,* for the respondent.

MAGIE, ORDINARY.

The order appealed from overruled exceptions by appellant to the final account of respondent, presented by her to the orphans court of Hudson county, by which court she had been appointed administratrix of her husband, William P. Chesley, deceased. The exceptions were directed to certain payments

made by the administratrix and claimed to discharge her for the amount so paid. The question presented by the appeal is whether the order overruling the exceptions was properly made.

The particular items of the account excepted to were payments made by the executrix to the widow and heirs-at-law of the intestate. Upon the evidence sent up with the transcript, it appears that the payments excepted to were made under the following circumstances: The intestate died seized of real estate subject to a mortgage for $10,000. Having died intestate, the lands in question descended to his heirs-at-law, subject to the dower right of his widow. The heirs-at-law and the widow united in the payment of the mortgage upon said lands, and thereafter filed a claim, under oath with the administratrix, claiming to be reimbursed for their payment of the said mortgage, from the personal estate of the deceased. The payments excepted to were made by the administratrix in response to said claim. They substantially exhausted the estate in the hands of the administratrix.

The first question presented, in my judgment, is whether the appellant had a *status* to except to the final account of the administratrix. The transcript exhibits a petition of the appellant presented to the orphans court, and asserting that it was a creditor of the intestate. But it is thereby admitted that its claim as a creditor was not presented under oath to the administratrix. The evidence before the orphans court disclosed by the transcript shows an order requiring creditors to present their claims to the administratrix within a specified time. As the appellant admits that it did not present any claim to the administratrix, it follows that it did not present a claim within the time limited by the order. The transcript further shows that after the expiration of the time limited by the order, a decree was made by the orphans court to bar creditors who had not presented their claims in the manner required by law. Appellant is therefore barred.

The question then is whether the appellant, having failed to present its claim in the manner required by law and having been barred by the decree, was entitled to intervene and object to the final account of the administratrix.

As the final account of the administratrix had not been presented, or passed and approved, the case does not fall within the provisions of section 72 of the act entitled "An act respecting the orphans court and relating to the powers and duties of the ordinary and the orphans courts and surrogates" [Revision of 1898], approved June 14th, 1898. *P. L. of 1898 p. 715.* Nor does it fall within the provisions of sections 77, 78 and 79 of the said act.

But by the provisions of section 80 of said act, it is provided that if an administrator shall neglect to make a final settlement within one year of the time of his administration being granted, a creditor who shall be barred by a decree of the orphans court may present a petition to the orphans court alleging the facts and praying relief. It is further provided that the court may investigate the circumstances and condition of the estate, and if it be made to appear that the delay was unreasonable, the court may, by decree, give the creditor relief against any assets in the hands of the administrator in the nature of the relief which he would be entitled to in case the final account of the administrator had been passed and a refunding bond taken for a legacy or distributive share.

The transcript shows that respondent did not make a final settlement within one year from the time of administration granted, and that appellant presented a petition which, as before stated, asserts its *status* as a creditor of the intestate, although it admits that it had not presented to the administratrix its claim under oath in the manner required by law and had been barred by the decree of the orphans court, and prays relief under the circumstances. By the provisions of section 80, it appears that the relief permitted respects assets in the hands of the administratrix, and it is to be accorded in the nature of relief upon refunding bonds.

As the relief accorded by the statute affects the estate in administratrix's hands, it seems to me to follow that a creditor asserting his rights as such by such a petition, although he admits that he has not presented his claim under oath to the administratrix, and has in fact been bound by the decree barring creditors, may question the final account of the administratrix

in respect to any matter which, if the exceptions prove correct, enhances the estate in the hands of the administratrix and permits a claim of the creditor upon the assets in the hands of the administratrix under the provisions of section 80.

It follows, in my judgment, that a creditor who has presented such a petition, acquired a *status* to except to such a final account in respect to any matter which would surcharge that account for his benefit.

The appellant, in my judgment, was entitled to exhibit the exceptions which were overruled by the orphans court.

As before stated, the items of the administratrix's account which were excepted to were for payments made upon a bond of intestate, secured by mortgage, upon real estate which, upon his death, devolved upon his widow and heirs-at-law. The mortgage having been paid by the widow and heirs-at-law, they claimed and the administratrix admitted that they were entitled to be reimbursed out of the personal property of the intestate in her hands.

The theory upon which such payment is supported is that the personal estate of a deceased person is the primary fund for the payment of obligations of such person; that if such obligations are not paid out of the intestate's personal estate, and are paid by the owners of the real estate, the latter may assert a right to remuneration from the personal property of the intestate, and the personal representative of the intestate may remunerate the devisees or heirs-at-law for payments made by them in exoneration of the estate of the intestate from his personal obligations.

It is said that a personal representative may not pay out of the personal estate of a decedent in exoneration of property specifically encumbered for the payment of such indebtedness of decedent, to the injury of other creditors having a like interest in the intestate's estate. This is upon the theory that assets should be so marshaled that debts which are secured shall be enforced upon the security, to the exoneration of the fund out of which general creditors may be paid. *2 Wms. Ex.* §§ *1442, 1457 et seq.*

By existing legislation in this state, all debts of decedents may now be charged upon the real estate of which they died seized,

as well as upon the personal property of which they died possessed, if such personal property is insufficient to satisfy them. A mortgage upon real estate imposes upon it the debt secured thereby, and it may be that, upon a timely application, a general creditor may require a particular debt thus secured to be enforced upon the security before it or any part of it may be imposed upon the personal property to the injury of general and unsecured creditors.

But the case presented by the transcript not only fails to show that the appellant is in fact a creditor of the deceased, or that it had given notice of the fact that it was such creditor to the administratrix, but contains an admission on the part of appellant that its claim had not been presented under oath, in the manner required by law, and had been barred by the decree against creditors.

Under those circumstances, the claim of the appellant was not within the official knowledge of the administratrix when she made the payments which were excepted to.

The payments made by the administratrix which were excepted to were made to persons entitled to be paid, and in remuneration of payments made by them upon the indebtedness which was primarily to be paid by the personal estate.

The administratrix, if appellant's exceptions are sustained, would be unable to procure reimbursement from the persons to whom she had made payment upon an existing lawful indebtedness. Such payment was made in ignorance of the fact that appellant intended to prosecute the estate for the amount of the indebtedness which it now claims. Under those circumstances, while I agree that under the provisions of section 80 of the act above referred to, an exception can be considered by the court in the case presented, I also agree with the court that the exceptions are unavailable to surcharge the account of the administratrix with the payments made by her upon a valid claim, which payments she cannot recover if the exceptions are sustained.

The result is that the decree appealed from was properly made and must be affirmed.